UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:23-cv-00078-MR

| KEVIN KAMPKA, | ) | |
|---|---|---|
| Petitioner, | ) | |
| vs. | ) | **MEMORANDUM OF DECISION AND ORDER** |
| STATE OF NORTH CAROLINA, | ) | |
| Respondent. | ) | |

**THIS MATTER** is before the Court upon initial review of the Petition for Writ of Habeas Corpus filed on March 14, 2023, pursuant to 28 U.S.C. § 2254 by Kevin H. Kampka ("the Petitioner"). [Doc. 4]. Also before the Court is the Petitioner's Motion for Leave to Proceed *In Forma Pauperis* [Doc. 5].

I. **BACKGROUND**

The Petitioner is a prisoner of the State of North Carolina, presently incarcerated at Harnett Correctional Institution. The Petitioner is currently serving a sentence of 15 months to 27 months of incarceration for an August 10, 2021 conviction in Buncombe County, North Carolina for possession of

a firearm by a felon.[1] The Petitioner was previously convicted in Madison County, North Carolina on September 19, 2016 for possession of a firearm by a felon and felony breaking and entering, to which the Petitioner was sentenced to a term of 19 to 32 months of imprisonment. [Doc. 4 at 1].

The Petitioner initially filed his § 2254 petition in the Eastern District of North Carolina on February 17, 2023 [Doc. 1], followed by a corrected petition on March 14, 2023 [Doc. 4]. This matter was subsequently transferred to this Court on March 20, 2023. [Doc. 8].

## II. STANDARD OF REVIEW

28 U.S.C. § 2254 applies to "a person in custody under a state-court judgment who seeks a determination that the custody violates the Constitution, laws, or treaties of the United States." Rule 1(a)(1), 28 U.S.C. foll. § 2254. In reviewing a § 2254 petition, the Court is guided by Rule 4 of the Rules Governing Section 2254 Cases, which directs the district court to dismiss a petition when it plainly appears from the petition and any exhibits that the petitioner is not entitled to relief. Rule 4, 28 U.S.C.A. foll. § 2254.

---

[1] Information concerning the Petitioner's current incarceration and most recent judgment of conviction is taken from the North Carolina Department of Adult Correction website: https://www.dac.nc.gov/dac-services/criminal-offender-searches. The Petitioner did not include this information in his § 2254 petition.

2

## III. DISCUSSION

### A. Motion to Proceed *In Forma Pauperis*

The Petitioner moves this Court for an application to proceed *in forma pauperis*. [Doc. 5]. Rule 3(a) of the Rules Governing Section 2254 Cases requires that a petition be accompanied by the applicable filing fee or motion for leave to proceed *in forma pauperis*. Federal courts may excuse the required fees if the litigant demonstrates that he cannot afford to pay. 28 U.S.C. § 1915(a)(1). The Petitioner's application shows that he has a $0.03 balance in his inmate trust account. [Docs. 5, 7]. As such, the Court finds that the Petitioner has insufficient funds to pay the required filing fee and his motion to proceed *in forma pauperis* is granted for the limited purpose of this Court's initial review of the § 2254 petition.

### B. Initial Review of § 2254 Petition

The Petitioner states that he is seeking to challenge his Madison County judgment of conviction from September 9, 2016. [Doc. 4 at 1]. However, the Petitioner raises one ground for relief in his petition—that "sentencing has changed" since he was incarcerated, and therefore his consecutive sentence should be changed to run concurrently. [Id. at 5]. He states that he seeks relief from his "last sentence that I am to serve," so it appears that he may be attempting to seek relief from his most recent August

10, 2021 Buncombe County judgment of conviction. [Doc. 1 at 15]. The Petitioner provides no further facts or allegations in the petition to describe his claim.

Rule 2(c) of the Rules Governing Section 2254 Cases requires a petitioner to specify all the grounds for relief available to him and to state the facts that support each ground for relief. Rule 2(c), 28 U.S.C.A. foll. § 2254. The Petitioner fails to plead any facts to show that his habeas claim is based on the state court's misapplication of federal law, as required by 28 U.S.C. § 2254. Because the petition fails to specify any valid grounds for habeas relief and supporting facts, it is deficient and shall be dismissed.

The § 2254 petition is also procedurally barred due to the Petitioner's failure to exhaust his available state remedies. Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a petitioner must exhaust his available state remedies before he may pursue habeas relief in federal court. 28 U.S.C. § 2254(b)(1)(A). In North Carolina, a petitioner may satisfy § 2254's exhaustion requirement "in two ways": (1) by directly appealing his conviction to the North Carolina Court of Appeals and then petitioning the North Carolina Supreme Court for discretionary review; or (2) by filing a state post-conviction proceeding and petitioning the North Carolina Court of Appeals for a writ of certiorari. <u>Joyner v. Hooks</u>, 2019 WL 3561429, *3

(E.D.N.C. 2019); N.C. Gen. Stat. § 7A–31; N.C. Gen. Stat. § 15A–1422. See also McNeil v. Whitener, 2012 WL 4086510, *5 (E.D.N.C. 2012) (holding that to satisfy the exhaustion requirement, a petitioner must show that "his instant federal claims followed along one of these two tracks to completion of review in the state courts").

The Petitioner admits that he did not exhaust his state remedies before filing his § 2254 petition and did not file any appeals or post-conviction motions in state court. [Doc. 4 at 5]. Therefore, the Petitioner has not properly exhausted his available state remedies and his § 2254 petition is procedurally barred.[2]

Finally, the § 2254 petition is also subject to dismissal as untimely. Generally, a § 2254 petition must be filed within one year from the date the judgment of conviction becomes final. 28 U.S.C. § 2244(d)(1). The Petitioner's 2016 Madison County judgment of conviction became final on or about October 14, 2016 and the statute of limitations within which to seek federal habeas relief continued run for 365 days until it expired on October 14, 2017. See 28 U.S.C. § 2244(d)(1); N.C. R. App. P. Rules 14(a) and

---

[2] To the extent that Petitioner seeks to challenge the execution of sentence under 28 U.S.C. § 2241, as opposed to the imposition of his sentence, the Petitioner also fails to set forth any valid claim of relief and does not show that he exhausted his administrative or state remedies prior to seeking relief in this Court.

5

Case 1:23-cv-00078-MR    Document 10    Filed 11/28/23    Page 5 of 6

15(b). The Petitioner's 2021 Buncombe County judgment of conviction became final on or about September 14, 2021 and the statute of limitations within which to seek federal habeas relief continued to run for 365 until it expired on or about September 14, 2022. See 28 U.S.C. § 2244(d)(1); N.C. R. App. P. Rules 14(a) and 15(b). The Petitioner provides no information showing that he sought appellate relief or state post-conviction relief such that would toll the statute of limitations for seeking federal habeas relief. As such, the § 2254 petition initially filed on February 17, 2023 was untimely filed.

**IT IS, THEREFORE, ORDERED** that:

1. The Petitioner's Writ of Habeas Corpus [Doc. 4] is **DISMISSED**.
2. The Petitioner's Motion to Proceed *In Forma Pauperis* [Doc. 5] is **GRANTED**.

**IT IS SO ORDERED.**

Signed: November 28, 2023

Martin Reidinger
Chief United States District Judge

6

Case 1:23-cv-00078-MR   Document 10   Filed 11/28/23   Page 6 of 6